UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 15-20348-TLM |
| JESSICA M. JAMES, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 15-07022-TLM |
| | ) | |
| JUSTIN JURIST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION

On May 5, 2015, Jessica James ("Debtor") filed a chapter 7 case in this Court.[1] Her petition reflects that Justin Jurist ("Jurist") acted as her non-attorney bankruptcy petition preparer ("BPP").[2] Doc. No. 1-3 at 3, 6; Doc. Nos. 7, 8.

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, and all Rule citations are to the Federal Rules of Bankruptcy Procedure.

[2] The Court takes judicial notice of its files and records in Debtor's chapter 7 bankruptcy, Case No. 15-20348-TLM. *See* Fed. R. Evid. 201. References to documents filed therein are to "Doc. No." and references to pleadings and other filings in the instant adversary proceeding are to "Adv. Doc. No."

MEMORANDUM OF DECISION - 1

On July 27, 2015, the Acting United States Trustee ("UST") filed a complaint commencing this adversary proceeding against Jurist.[3] The UST seeks a judgment (a) permanently enjoining Jurist from acting as a BPP; (b) permanently enjoining Jurist from managing or supervising, or being compensated for, provision of services to a BPP; (c) permanently enjoining Jurist from advertising his services as a BPP; (d) for costs of suit; and (e) for recovery of reasonable attorneys' fees.  Adv. Doc. No. 1.  The complaint is brought under § 110(j).  The UST alleges jurisdiction exists under 28 U.S.C. § 1334(a) and (b) and 28 U.S.C. § 157 and that this is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(A). *Id.*

Jurist answered.  Adv. Doc. Nos. 3, 6.  Jurist also filed a jury demand. Adv. Doc. No. 8.

On September 22, 2015, in a telephonic pretrial conference attended by Jurist and by counsel for the UST, the Court gave the UST and Jurist 21 days to file briefs on issues of jurisdiction and on the asserted right to a jury trial.  The Court also informed the parties that these issues would be taken under advisement upon submission of the briefs.  Adv. Doc. No. 10 (minute entry).

Jurist was cautioned at the pretrial conference that, if he were to retain

---

[3] Simultaneously, the UST filed a motion in Debtor's case for disallowance of the BPP fees Jurist charged Debtor under § 110(h)(3)(B), an award under § 110(i)(1)(B), imposition of fines under § 110(l)(1), and tripling of fines under § 110(l)(2).  That motion, and Jurist's response, Doc. Nos. 21 and 24, obviously relate to the matters in this adversary proceeding but are not directly at issue here.

MEMORANDUM OF DECISION - 2

counsel, that counsel would have to be a member of the bar of this Court or be properly admitted pro hac vice.[4] Jurist was also advised that in the event he did not retain counsel but continued to represent himself, his pro se filings would be liberally reviewed, but that he was nevertheless bound to follow the rules, local rules and orders of the Court.[5]

On October 13, the UST timely filed its brief. While Jurist failed to timely file a brief, he later submitted a brief on October 23, 2015, claiming a misunderstanding of the Court's Order. The Court has now reviewed both parties' submissions and completed its own independent research and analysis.

## DISCUSSION AND DISPOSITION

### A.   Jurisdiction

This Court has jurisdiction over Debtor's bankruptcy case and over the matters alleged in this adversary proceeding. 28 U.S.C. § 1334(a), (b). The District Court for the District of Idaho has referred all bankruptcy cases and all proceedings in such cases to the Bankruptcy Court. 28 U.S.C. § 157(a); Third

---

[4]  To date, no pro hac vice application has been submitted.

[5]  Jurist is no stranger to litigation of this sort. *See e.g.*, *McDermott v. Jurist (In re Kindred)*, 12-0560-tjt at Doc. No. 18 (E.D. Mich. Feb. 26, 2013) (consent judgment based on a stipulation between Jurist and the United States Trustee enjoining Jurist from performing BPP services in the Eastern District of Michigan); *Walton v. Jurist (In re Baker)*, 12-03059 at Doc. No. 11 (M.D. Ga. July 3, 2012) (permanent injunction, based on a consent order and stipulation between Jurist and the United State Trustee, enjoining Jurist from BPP work in the Middle District of Georgia).

MEMORANDUM OF DECISION - 3

Amended General Order No. 38 (1995). Bankruptcy judges may hear all core proceedings. 28 U.S.C. § 157(b)(1). Core proceedings include matters, such as the instant proceeding, concerning administration of the estate. 28 U.S.C. § 157(b)(2)(A). The UST's complaint under § 110 initiated a core proceeding that this Court may hear and finally determine. *Allen v. Pierce (In re Timmer)*, 2005 WL 6960235, *3 (9th Cir. BAP Sept. 29, 2005); *Demos v. Brown (In re Graves)*, 279 B.R. 266, 271 (9th Cir. BAP 2002).

### B.    Jury trial

A BPP does not have a right to a jury trial in an adversary proceeding seeking to enjoin his or her conduct under § 110(j). *Graves*, 279 B.R. at 272 (citing *United States v. Louisiana*, 339 U.S. 699, 706 (1950)). *See also* 2 Collier on Bankruptcy ¶ 110.11 (Alan N. Resnick & Henry J. Sommer eds., 16th ed) ("A proceeding for injunctive relief under section 110(j) is a core proceeding and the bankruptcy petition preparer has no right to a jury trial in such a proceeding."). *Accord Hale v. United States Tr.*, 509 F.3d 1139, 1146–47 (9th Cir. 2007) (concluding there is no right to a jury trial under § 105 and § 329 to determine the reasonableness of attorney fees).

### CONCLUSION

This Court has jurisdiction over this core proceeding and will enter final orders and judgments subject to appeal under 28 U.S.C. § 158. Jurist's demand

for a jury trial, Adv. Doc. No. 8, will be denied. The UST may submit an order or orders in accord with this Decision.

DATED: October 23, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5